

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Teresa Ann Conway,                )
                                  )
    Plaintiff,                    )
                                  )
    v.                            )   Civil Action No. 14-981 (UNA)
                                  )
Thomas J. Conway, Sr., *et al.*,  )
                                  )
    Defendants.                   )
                                  )

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* Complaint and application to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff is a resident of Chapel Hill, North Carolina, who purports to sue various individuals. Her list of defendants includes former Presidents Richard Nixon, Ronald Reagan, and George Herbert [Walker] Bush, as well as "All Joint Chiefs of Staff of the U.S. Military." Compl. Caption. Plaintiff seeks "an injunction against stalking" and "a cease and desist order," Compl. at 3, but her allegations are simply indecipherable. The complaint provides no notice of a claim and a basis for federal court jurisdiction, and the likelihood of curing the complaint's defects is nil.[1] Thus, this case will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

/s/ Roy A. Morell
United States District Judge

Date: May 27th, 2014

---

[1] In 1993, this Court issued an order dismissing "plaintiff's actions" as frivolous and enjoining her from filing a new civil action without leave of court. *Conway v. McCallum*, No. 93-0100 (D.D.C. Jan. 14, 1993) [Dkt. # 3]. Since the docket entry is the only record of that order, the Court cannot ascertain the conditions upon which leave should be granted or denied. Hence, the barring order is no longer in effect. Plaintiff is advised, however, that nothing prevents the Court from issuing a new barring order should she renew the behavior that resulted in the prior order.